UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVANS & CLESI                                    CIVIL ACTION

VERSUS                                           NO: 06-2145

HARTFORD INSURANCE COMPANY                       SECTION: "J" (4)
OF THE SOUTHEAST

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand. (Rec. Doc. 5.) The motion is opposed. (Rec. Doc. 9.) Having considered the motion, legal memoranda, attached exhibits, the record, and the law, the Court finds that plaintiff's motion should be DENIED.

### BACKGROUND

On December 29, 2005 plaintiff filed this lawsuit claiming damages under its business interruption policy for losses resulting from Hurricane Katrina. On January 10, 2006 defendant accepted by certified mail a certified copy of the petition. On February 15, 2006 defendant informed plaintiff that it would be sending plaintiff $115,000 as payment for the claims. On March

1

24, 2006 plaintiff affected formal service of the petition on defendant. On April 21, 2006 defendant filed a Notice of Removal in this Court claiming diversity jurisdiction. On May 26, 2006 plaintiff received a further payment of $16,463 from defendant. On May 30, 2006 plaintiff filed the instant motion to remand.

## DISCUSSION

Plaintiff challenges both the jurisdictional amount and the timeliness of the Notice of Removal. The Court will address these arguments in reverse order.

*A. Timeliness*

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) establishes that the trigger for the 30 day removal period under 28 U.S.C. § 1446(b) is the formal service of a summons accompanied by the complaint or receipt of the complaint after formal service of the summons. Plaintiff attempts to distinguish this controlling precedent by noting the reliability of a certified mailing as opposed to the facsimile correspondence in *Murphy Bros*. The Supreme Court based its decision on the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id.* at 347. The Court indicates no exception to this

principle based on the reliability of the receipt of a courtesy copy. The copy of the petition received by defendant through certified mail on January 10, 2006 did not trigger the 30 day removal period. Formal service, completed on March 24, 2006, triggered the period. Therefore, the Notice of Removal filed on April 21, 2006 was timely.

In addition, plaintiff's Motion to Remand on May 30, 2006 was untimely as to procedural defects in the Notice, such as timeliness. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 (5th Cir. 1991). Plaintiff had 30 days from April 21 to move to remand for defective notice procedure. Plaintiff failed to do so within that time and so waived objection to any procedural defects. However, a waiver of procedural defects in the Notice does not waive the fundamental requirement of subject matter jurisdiction. *Id.*

    *B. Jurisdictional Amount*

Federal jurisdiction can be based on complete diversity of citizenship if the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. The diversity of the parties is undisputed.

Defendant seems to argue at one point that the lack of jurisdictional amount could be considered a procedural defect

waived by failing to file a motion to remand within 30 days. As the appellation "jurisdictional amount" indicates, the requirement goes to subject matter jurisdiction and cannot be waived. *See*, *Baris*, 932 F.2d at 1545 n.6, quoting *Moore's Federal Practice*. Plaintiff argues that defendant values the claim against it at $131,463, and by the time of removal it had already paid $115,000. From the foregoing plaintiff concludes that defendant values plaintiff's claim at $16,463, which amount defendant has paid since the Notice was filed.

Jurisdictional facts are to be determined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Where the state complaint does not specify damages, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement is met if: (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant provides evidence in addition to the complaint that supports a finding of the requisite amount. *Id.* After defendant has met its burden, the plaintiff must prove to a legal certainty that its recovery will not exceed the jurisdictional amount. *See De Aguila v. Boeing Co.,* 47 F.3d 1404,

1412 (5th Cir. 1995).

Plaintiff's basic argument, that defendant's determination of what it will pay functions to limit the amount in controversy, is obviously flawed. A plaintiff can seek more in damages than a defendant is willing to pay. Defendant looks to the face of the complaint and to correspondence from plaintiff for support that plaintiff has put more than the minimum jurisdictional amount at issue. In its petition plaintiff claims double damages for lost business income and extended business income from August 27, 2005 to mid-November, 2005; damages and expenses incurred from moving its offices, including files and equipment, from New Orleans to Alexandria and back again; 25% statutory punitive damages; and attorney's fees. On its face the petition alleges expansive theories of recovery. In a letter to defendant (Ex. B to Def's Memo) plaintiff contends that its claim is worth up to $235,000. Plaintiff then asks for $205,000, minus the $115,000 already paid. Its initial disclosure verifies that it offered to settle for $90,000 by the time of removal. (Ex. C.) The petition coupled with evidence of plaintiff's demands is sufficient to convince the Court that more than $75,000 was in dispute at the time the notice of removal was filed.

Plaintiff can defeat that showing by proving to a legal

certainty that it cannot recover the jurisdictional amount. Plaintiff states that it is willing to stipulate to damages no greater than $75,000, exclusive of interest and costs. Where the petition is ambiguous and the defendant does not come forward with any evidence of the amount in controversy, the plaintiff's unilateral stipulation can support a remand. *See Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia v. Dow Química de Colombia S.A. ("ANPAC"),* 988 F.2d 559 (5th Cir. 1993). However, *ANPAC* is fairly limited in its application.

> Nothing in *ANPAC* suggests that stipulations or affidavits-from the plaintiffs, their attorneys, or otherwise-always or even usually should be given effect to defeat removal. Importantly, the Court in *St. Paul Mercury*, 303 U.S. at 292, 58 S.Ct. at 592, held that "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."
> The affidavit was considered in *ANPAC* only because it "clarif[ied] a petition that previously left the jurisdictional question ambiguous." 988 F.2d at 565. In cases in which, on the other hand, the plaintiff, by whatever means, seeks to reduce, rather than clarify, his demand after removal, the plain language of *St. Paul Mercury* and the rationale of *ANPAC* unequivocally bar remand for want of jurisdictional amount.

*Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir. 1993).

Because the Court is convinced in this case that jurisdiction existed at the time of removal, that jurisdiction cannot now be divested by plaintiff's willingness to stipulate to a limited

recovery.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Rec. Doc. 5) is **DENIED**.

New Orleans, Louisiana this the 17th day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE